# Butcher et al. v. City National Bank and Trust Company

*Charles A. Wolfe*, for plaintiffs; *Rawle & Henderson*, for defendant.

ALESSANDRONI, J., July 29, 1932.—The statement of claim sets forth that the plaintiff stockbrokers, at the instance of the defendant's duly authorized agent, its vice president, were authorized to purchase for the defendant certain securities, which order was filled; the statement of claim further avers that the Federal Reserve Board had previously granted the defendant a permit authorizing the defendant to "act as trustee, executor, administrator, assignee . . . or in any other fiduciary capacity," and that the defendant in ordering the purchase of the securities acted in a fiduciary capacity as agent for an undisclosed principal.

The affidavit of defense in lieu of demurrer sets forth that the defendant, being a national banking association, cannot order stock as agent for an undisclosed principal, said act being ultra vires; and that the plaintiffs fail to allege delivery of the shares of stock to the defendant.

The statement of claim sets forth that the defendant bank had complied with the provisions of the Act of Congress of December 23, 1913, c. 6, Sec. 11-K, 12 U. S. C., § 248, and that a permit had been granted authorizing the defendant national bank to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver or in any other fiduciary capacity in which state banks, trust companies or other corporations which come into competition with national banks are permitted to act under the laws of the state in which the national bank is located.

In order to determine whether the act of the defendant bank was ultra vires, it is necessary to examine the powers of state banks or trust companies to act in fiduciary capacities. State banks or trust companies are empowered to act as fiduciaries in the capacity of executor, administrator, trustee, guardian, etc., and it is quite conceivable that the defendant in ordering the shares of stock forming the basis of the plaintiff's claim did so in a fiduciary capacity. See the General Corporation Act of April 29, 1874, P. L. 73, and amendments thereto. In fact, it might have been one of the defendant's duties as such fiduciary. The powers of the defendant bank to act as fiduciary under the provisions of the Act of Congress of 1913, 12 U. S. C., § 248, hereinbefore referred

to, are equal to those of a state bank or trust company. We cannot assume that the defendant bank through its agent was acting in an ultra vires capacity when it possibly might have been acting as such fiduciary in a proper and legal manner. This reason alleged by the defendant, therefore, cannot be sustained.

It is also argued that the plaintiffs never delivered the stock nor did defendant bank receive any benefit therefrom. As a matter of fact, dividends were credited to its account, and the stock having been ordered and purchased for its account it is liable therefor.

And now, to wit, July 29, 1932, the affidavit of defense in lieu of demurrer is overruled and defendant is allowed fifteen days within which to file an affidavit of defense.